UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam,     #3147, | ) C/A No. 3:07-3050-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Dr. NFN Wadman; and | ) |
| Dr. NFN Corales, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a *pro se* litigant. Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Entry 2), and was initially given 20 days to bring this case into proper form by providing the Court with service documents, answers to special and local rule interrogatories, and a financial account printout necessary for the Court to rule on Plaintiff's Motion for Leave and for the Court to consider whether or not to serve this *pro se* case on the named Defendants. (Entry 7).

When the time permitted under the initial Order passed with only partial compliance by Plaintiff,[*] a second proper-form Order was issued, informing Plaintiff that he was being given a "FINAL" opportunity to bring the case into proper form by providing the Court with the originally requested, but not submitted, service documents and financial account print-out within twenty days. (Entry 12). The time set for Plaintiff's compliance expired over two weeks ago and Plaintiff has not responded in any way to the most recent Order.

Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, it is clear that the Plaintiff's un-explained and un-excused failure to take any further action in this case despite being clearly warned that he was being given a final

---

[*] In response to the first proper-form Order, Plaintiff submitted Answers to Special Interrogatories (Entry 8) and an un-signed set of local rules interrogatories. (Entry 9). He did submit the service documents or financial account printout that was also requested.

opportunity to bring the case into proper form and that if he did not dismissal would be recommended indicates an intent on Plaintiff's part not to prosecute this case. Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Plaintiff's attention is directed to the important notice on the following page.

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

December 13, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).